UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANNE HILTNER<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>    Defendant. | 05-CV-4826 (WJM)<br><br>OPINION |

**MARTINI, District Judge:**

**THIS MATTER** comes before the Court on a complaint filed by Plaintiff on October 5, 2005.  This Court, having reviewed Plaintiff's filing concludes that the action here is frivolous.  Accordingly, the case is dismissed in its entirety on the Court's own motion pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**I.  BACKGROUND**

Plaintiff's Complaint, entitled "Petition for Relief from Electronic Interception," is confused and largely unintelligible.  However, and to the extent that this Court can discern the nature of her claims, Plaintiff seems to argue that Defendant has unlawfully used its surveillance capabilities to "spy on" Plaintiff over an eighteen-year period and exploit the details of her life through channeling information to, among others, multimedia organizations and Stephen King.  All of these activities, according to Plaintiff, were performed in violation of her constitutional rights and ultimately forced her into bankruptcy.  She now seeks injunctive relief as well as damages.

## II. DISMISSAL OF FRIVOLOUS ACTIONS UNDER 28 U.S.C. § 1915

Because of the interest in providing adequate access to the courts for plaintiffs lacking the assistance of counsel, *pro se* complaints should be construed liberally. *See United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). At the same time, courts must be wary of "clearly baseless" complaints when dealing with *in forma pauperis* litigants, since these litigants, "unlike a paying litigant, lack[] an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). To this end, 28 U.S.C. § 1915(e)(2)(B)(i) grants courts the authority to dismiss *in forma pauperis* complaints if it is determined the action is "frivolous or malicious."

## III. DISMISSAL OF PLAINTIFF'S COMPLAINT

Plaintiff's claim constitutes the very type of lawsuit 28 U.S.C. § 1915(e)(2)(B)(i) intended to address.[1] To the extent Plaintiff's allegations are intelligible, Plaintiff fails to support them with proper facts. For example, she alleges Defendant has engaged in "commercial extortion, industrial espionage, or acquisition of trade secrets" in violation of her constitutional rights. (Compl. 5.) However, Plaintiff does not identify the nature of the information or trade secrets Defendant has allegedly extorted or stolen from her. Further, Plaintiff claims that the "psychotic nurse Anne Wilkes" depicted in the Stephen King novel *Misery* was based on Plaintiff's life. At the same time, she fails to describe what if any similarities exist between her

---

[1] This Court also notes that Plaintiff's Complaint is simply the latest in a long line of similar complaints Plaintiff has previously filed against various people and entities, including Stephen King, the Disney Corporation, and former President Reagan. All of these complaints have been summarily dismissed. *See, e.g., Hiltner v. The Disney Corporation*, 2005 U.S. Dist. LEXIS 25760 (D.N.J. Oct. 31, 2005); *Hiltner v. Simon and Schuster*, 34 Fed.Appx. 394 (1st Cir. 2002); *Hiltner v. Cohen*, 1991 WL 166688 (D.D.C. 1991); *Hiltner v. Reagan*, 1991 WL 241938 (D.D.C. 1991).

and Wilkes so as to allow this Court to determine the basis of this allegation. (*Id.* 4.) Indeed, Plaintiff's Complaint reads as little more than indecipherable ramblings littered with fantastic accusations, not only against Defendant but also against other individuals and entities.[2]

For these reasons, this Court finds, after review and consideration of Plaintiff's Complaint, that this action rises to the level of "irrational or wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), warranting dismissal under 28 U.S.C. § 1915(e)(2)(B)(i). An appropriate order accompanies this Opinion.


**Date**: November 28, 2005

                                       s/ William J. Martini
                                       **William J. Martini, U.S.D.J.**

---

[2] At one point, she accuses Defendant of having engaged in "electronic slave trafficking." (Compl. 7.) Plaintiff also states she has been subjected to "economic, personal, or sexual rape by multi-media organizations." (*Id.* 8.)